[Civ. No. 26193.   Second Dist., Div. Three.   Mar. 27, 1963.]

FRED J. EARLY, JR., COMPANY, INCORPORATED, Plaintiff and Appellant, v. COUNTY SANITATION DISTRICT NO. 2 OF LOS ANGELES COUNTY, Defendant and Respondent.

Thelen, Marrin, Johnson & Bridges, James W. Baldwin, James M. Radnich and John G. Flett for Plaintiff and Appellant.

Knapp, Gill, Hibbert & Stevens and Joseph C. Gill for Defendant and Respondent.

SHINN, P. J.—Plaintiff constructed sedimentation tanks for defendant for a price of $444,650 and has been paid the contract price less the sum of $6,400. Defendant is withholding this amount as a penalty for plaintiff's failure to comply with certain statutory procedure. Plaintiff brought suit for the amount, the case was tried upon an agreed statement of facts, judgment was for defendant and plaintiff appeals.

A bidder on public work is required to state the name and place of business of each proposed subcontractor. (Gov. Code, § 4102.) Plaintiff in its bid listed six subcontractors and described the portions of the work they would perform. R. R. Blakeman was named as subcontractor for the "earth work" for a price of $32,000. Although Blakeman was willing, plaintiff declined to enter into a contract with him and did the "earth work" itself, without obtaining the consent of defendant thereto.

Defendant contends that the failure to obtain its consent to performance of the work by plaintiff was in violation of section 4104.[1] Defendant is withholding the money pursuant to section 4106 of the Government Code which reads as set out in the footnote.[2]

The question is whether plaintiff, without the consent of

---

[1] "No general contractor whose bid is accepted shall, without the consent of the awarding authority, either:

"(a) Substitute any person as subcontractor in place of the subcontractor designated in the original bid.

"(b) Permit any such subcontract to be assigned or transferred or allow it to be performed by anyone other than the original subcontractor listed in the bid.

"(c) Sublet or subcontract any portion of the work in excess of one-half (½) of one percent (1%) of the general contractor's total bid as to which his original bid did not designate a subcontractor.

"(d) The awarding authority may consent to the substitution of another person as a subcontractor, when the subcontractor named in the bid after having had a reasonable opportunity to do so, fails or refuses to execute a written contract, when said written contract, based upon the general terms, conditions, plans and specifications for the project involved, or the terms of such subcontractor's written bid, is presented to him by the contractor."

[2] "A general contractor violating any of the provisions of this chapter violates his contract and the awarding authority may cancel the contract. After any such violation, the general contractor shall be penalized to the extent of twenty per cent (20%) of the amount of the subcontract involved. Funds recovered through the application of this penalty shall be paid to the State Treasurer who will deposit them in the General Fund."

defendant, could substitute itself for Blakeman for performance of the "earth work."

Section 4104 does not state specifically whether a contractor may substitute himself for a subcontractor, identified in his bid, without the consent of the authority. The question appears to be one of first impression and merely calls for an interpretation of the code sections which will best give effect to the purpose of the legislation.

Reduced to their essentials the contentions of the parties are the following: Plaintiff contends that section 4104, subdivision (a) forbids only the substitution of one subcontractor for another and has no application here since no contract had been entered into with Blakeman and no new contract was awarded; defendant contends that under subdivision (b) of the section the work assigned in the contractor's bid to a named subcontractor may not be performed by anyone else, the contractor included, without the consent of the awarding authority. We believe the construction of section 4104 contended for by defendant, and adopted by the trial court, to be the one which accomplishes the purpose of the legislation.

The subcontract plays an important part in the construction of public works. The bidder who plans to subcontract part of the work must name each proposed subcontractor, state his place of business and describe the part of the work he is to do. The responsibility and standing of the subcontractors may be the deciding factor in the choice of the general contractor found to be the lowest responsible bidder, to whom the contract must be awarded. (Health & Saf. Code, § 4755.) It is for this reason that the authority is afforded the opportunity to investigate the standing of the proposed subcontractors before accepting a bid, and it is considered equally important that it should have the same opportunity when it is proposed to substitute one subcontractor for another.

It is clear that the entire purpose is not accomplished by the provision that the contractor may not without the consent of the awarding authority "substitute any person as subcontractor in place of the subcontractor designated in the original bid." This provision, standing alone, would not prevent the contractor from taking over and doing the work of a subcontractor so long as he did not sublet it to someone else. But the limitation of the contractor's right and the

privilege of the authority go beyond the matter of the substitution of one subcontractor for another; the contractor may not, at will, permit or allow the subcontract to be performed by anyone other than the original subcontractor listed in the bid. The main purpose is that the original subcontractor may not be replaced and his work done by another without the consent of the authority. This purpose would be defeated if the contractor could, at will, take over the work of one or more of his subcontractors.

Plaintiff says it did not violate subdivision (b) by permitting a subcontract to be assigned or transferred, since there was no subcontract to be performed. But the clear meaning of subdivision (b) is that the person named in the bid as subcontractor must do the work unless it is given to some one else with the consent of the authority.

Plaintiff also argues that the responsibility of the contractor is established by the awarding of the contract to him, and since he is under an obligation of full performance, he should have the right to do any part of the work himself, without seeking permission of the authority. The Legislature did not entertain this view when it provided for the naming of subcontractors in bids and gave the authorizing authority the right to pass upon the competency and reliability of those who were to do the work.

*Klose* v. *Sequoia Union High School Dist.*, 118 Cal.App.2d 636 [258 P.2d 515], appears to be the only reported case which has considered the subject matter of the foregoing code sections. Plaintiff says it finds authority in the court's opinion which supports its contention that it complied with the law in all respects. We find nothing in the decision or the reasoning of the court which is of assistance to plaintiff. It was held that a subcontractor who is named in a bid does not thereby acquire a legal right to perform the work when the contractor's bid is accepted, and that the awarding authority has the power to consent to performance of the work by someone else. We have no such questions. The opinion does state that the basic public policy of the sections involved, and related sections, is to give the awarding authority a right to check upon the reliability of subcontractors named in the bid and of anyone sought to be substituted for them. We hold, as the trial court held, that the authority may not be deprived of this right by action of the contractor in refusing to enter

into a contract with a designated subcontractor and performing the work that had been assigned to the latter.

The judgment is affirmed.

Ford, J., concurred.

FILES, J., Dissenting.—It seems to me that plaintiff did none of the things listed in section 4104 as grounds for a penalty. Plaintiff, a general contractor, promised to perform the entire work. Apart from the statute, this contract could have been performed by plaintiff itself, or by subcontractors. When plaintiff elected not to use a subcontractor, it performed its obligation to defendant in an alternate way.

Plaintiff did not substitute any person *as subcontractor* in place of the subcontractor designated in the original bid. Plaintiff did not permit any "such subcontract" to be assigned, because there was no "such subcontract." Plaintiff did not sublet any portion of the work to an unauthorized person.

Plaintiff has built the sedimentation tanks and defendant has the use of them. I see no reason to deprive plaintiff of its pay by extending the penalty statute to a state of facts not within its terms. Even if the interpretation of the statute should be based upon its supposed purpose instead of upon the words alone, I can find no justification for applying it here. The apparent purpose of the legislation is to give the public agency the opportunity to pass upon the qualifications of those who do the work. But plaintiff, having been awarded the general contract, surely has met acceptable standards of responsibility. Plaintiff was at all times directly responsible to the public agency for the successful completion of the entire work, and would have been required to see it through if the approved subcontractor should have failed. There is a perfectly good reason why the Legislature did not make the penalty applicable to performance by the general contractor.

The judgment should be reversed.

Appellant's petition for a hearing by the Supreme Court was denied May 22, 1963.