[Civ. No. 36921. First Dist., Div. Four. Mar. 19, 1976.]

BAY CITIES PAVING AND GRADING, INC.,
Plaintiff and Appellant, v.
HENSEL PHELPS CONSTRUCTION COMPANY,
Defendant and Respondent.

362

COUNSEL

Crosby, Heafey, Roach & May, Ronald A. Wagner and Michael E. Klingler for Plaintiff and Appellant.

Stark, Stewart, Simon & Sparrowe, Robert C. Field and V. James Jackl for Defendant and Respondent.

## OPINION

CHRISTIAN, J.—Bay Cities Paving and Grading, Inc. appeals from a judgment that it take nothing upon its complaint against Hensel Phelps Construction Company.

Appellant submitted bids to respondent for excavation and asphalt paving subcontracts in connection with construction of the Bay Area Rapid Transit (BART) station at Concord, California. Respondent informed appellant that appellant's bid for the excavation work was too high, but that appellant's bid for the paving was almost the lowest bid. Appellant then cut its paving bid by $8,931, and respondent agreed to list appellant as its designated subcontractor for the paving.

Respondent submitted its total bid as prime contractor to BART. Included with the bid was the required "designation of subcontractors," wherein respondent listed both itself and appellant as the subcontractors responsible for the paving and excavation work. Respondent was subsequently awarded the construction contract by BART.

After the contract was awarded, appellant asserted that it was the designated subcontractor for both the excavation and paving work, and sought an agreement from respondent that appellant perform the excavation at a price different from appellant's subcontract bid. Respondent claimed it had specified itself as responsible for the excavation, declined appellant's offer, and arranged for another company to perform the excavation. Respondent also offered appellant a written subcontract for the paving work, but appellant refused it. At respondent's request, and without opposition from appellant, BART substituted another subcontractor to do the paving.

Appellant then commenced this action against respondent, alleging breach of contract and violation of the statute regulating the designation of subcontractors in public works contracts.[1]

■ Appellant contends that the trial court erred in determining that respondent did not violate the Subletting and Subcontracting Fair Practices Act by the manner in which respondent inserted itself and appellant on its list of designated subcontractors. In its designation of subcontractors, respondent listed both itself and appellant on the same line and indicated that the portion of work to be done was excavation and asphalt paving without differentiating the work to be done by each of the parties. ■ The purpose of the Subletting and Subcontracting Fair Practices Act is to prevent the practices of bid shopping and bid peddling in connection with public works projects.[2] Bid shopping is the use of the lowest bid already received by the general or prime contractor to pressure other subcontractors into submitting even lower bids; bid shopping is prohibited by the statute after the award of the prime contract. (*Southern Cal. Acoustics Co.* v. *C. V. Holder, Inc.* (1969) 71 Cal.2d 719, fn. 7 at p. 726 [79 Cal.Rptr. 319, 456 P.2d 975].) ■ To foster this purpose, the act requires any prime contractor bidding on public works to designate what portion of the work will be done by each subcontractor, and to "list only one subcontractor for each such portion as is defined by the prime contractor in his bid." (§ 4104, subd. (b).) Once the prime contractor's bid is accepted, he is forbidden to make substitutions in place of the subcontractor designated in the original bid except with the consent of the contracting agency. (§ 4107.) The purpose of these provisions is to protect the original subcontractor against replacement by either another subcontractor or by the prime contractor. (*Fred J. Early, Jr., Co.* v. *County Sanitation Dist.* (1963) 214 Cal.App.2d 505, 507-508 [29 Cal.Rptr. 633] [construing former § 4104, now § 4107].) By designating both itself and appellant on the same line in the designation of subcontractors, respondent frustrated the purpose of the listing requirement of the act. The purpose of the act was further frustrated by respondent's listing of appellant on the same line in the

---

[1]Subletting and Subcontracting Fair Practices Act (Gov. Code, §§ 4100-4113). All code references are to the Government Code.

[2]Government Code section 4101: "The Legislature finds that the practices of bid shopping and bid peddling in connection with the construction, alteration, and repair of public improvements often result in poor quality of material and workmanship to the detriment of the public, deprive the public of the full benefits of fair competition among prime contractors and subcontractors, and lead to insolvencies, loss of wages to employees, and other evils."

designation of subcontractors as respondent had listed excavation work to be done by respondent itself. Therefore, the trial court's conclusion that respondent had not violated the act was incorrect.

■ Appellant contends that the trial court erred in determining that appellant had no private right of action against respondent under the act. The act does not specifically provide for any private rights of action in violation of any of its provisions. ■ However, "Violation of a statute embodying a public policy is generally actionable even though no specific remedy is provided in the statute; any injured member of the public for whose benefit the statute was enacted may bring an action [citation]." (*Wetherton* v. *Growers Farm Labor Assn.* (1969) 275 Cal.App.2d 168, 174 [79 Cal.Rptr. 543]; accord, *River Garden Farms, Inc.* v. *Superior Court* (1972) 26 Cal.App.3d 986, 1001 [103 Cal.Rptr. 498] [the bad faith settlement by a claimant and several tortfeasors raises a cause of action against the claimant in any remaining tortfeasors although good faith settlement is authorized by Code Civ. Proc., § 877]; *Czap* v. *Credit Bureau of Santa Clara Valley* (1970) 7 Cal.App.3d 1, 6 [86 Cal.Rptr. 417] [the violation of Bus. & Prof. Code, § 6947, by engaging in unfair collection practices creates a cause of action in the debtor]; *Laczko* v. *Jules Meyers, Inc.* (1969) 276 Cal.App.2d 293, 294-295 [80 Cal.Rptr. 798] [violation of Veh. Code, § 28051, by turning back an automobile odometer raises a cause of action in subsequent purchasers]; see also *McIvor* v. *Mercer-Fraser Co.* (1946) 76 Cal.App.2d 247, 253-254 [172 P.2d 758] [violation of an ordinance prohibiting excavations below a certain depth without permit created a cause of action for public nuisance available to neighboring landowners].) ■ The purpose of the act is to protect both the public and subcontractors from unfair bid peddling and bid shopping (§ 4101); that purpose is furthered by recognition of an action for damages. In *Southern Cal. Acoustics Co.* v. *C. V. Holder, Inc., supra,* 71 Cal.2d at page 727, the subcontractor's cause of action was based upon the prime contractor's violation of section 4107 by substituting a subcontractor in the place of the originally listed subcontractor for reasons not then permitted by section 4107. The court determined that the subcontractor's recovery was to be the benefit of the bargain which the subcontractor would have realized had it been permitted to perform the subcontract. Here, however, appellant was not excluded from performance of any subcontract. The court found that appellant was to have done the asphalt paving, and respondent was to have done the excavation work; respondent was willing to allow appellant to do the asphalt paving, but appellant refused to do so unless it were also awarded the excavation

work. Thus, there is no benefit of the bargain to be recovered by appellant. Therefore, although respondent violated the act, the findings support the judgment that appellant take nothing by its complaint. (See 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, §§ 226, 228(b), pp. 4215-4216, 4217-4218.)

■  Appellant contends that respondent acted unlawfully in subcontracting the excavation work to another subcontractor who had not been listed in the designation of subcontractors. The court found that respondent informed appellant that appellant would be listed as the designated subcontractor for the paving work, but that when respondent filed its designation, it intended to specify appellant as the paving subcontractor and to specify itself as the party which would perform the excavation. Once a prime contractor's bid has been accepted, it may not retain new subcontractors or substitute new subcontractors for existing subcontractors without the approval of the awarding authority. (§§ 4106, 4107.) However, because appellant was not the subcontractor designated or intended to perform the excavation work, appellant has no standing to contest whether or not respondent improperly retained a subcontractor to perform that work.

The judgment is affirmed.

Caldecott, P. J., and Emerson, J.,* concurred.

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.