Opinion of the Court—Wallace, J.

No. 2,133.

JAMES F. HIBBERD et al., RESPONDENTS, v. JOHN SMITH, et al.,
APPELLANTS.

APPEAL.—From an order sustaining a demurrer to a portion or the whole of an
answer, or dismissing it in whole or in part, no appeal can be taken to this
Court; the only method of review of such proceedings here is through an
appeal from the final judgment thereafter entered in the action itself.

39  145|
103  398

APPEAL from the District Court of the Fourth District,
City and County of San Francisco.

The case is stated in the opinion.

M. G. Cobb, for Appellants.

A. M. Crane, for Respondents.

WALLACE, J., delivered the opinion of the Court:

The record here contains a complaint demanding certain
premises against several defendants (among whom is Charles
Shore); an answer of Holladay, defending the action "in
the name of said Shore," as his landlord, and denying the
title of the plaintiffs, and averring that Holladay is himself
the owner in fee of the premises, and that Shore is his
tenant. It does not appear that the issues joined upon the
pleadings in these respects have ever been disposed of in
any way.

Another portion of the answer, as filed, is a cross bill, in
which equitable relief is claimed against the plaintiff below,
on the ground that a certain judgment of the District Court
of Alameda County, through which the plaintiffs claimed
their title to the premises in controversy, was rendered "out
of malicious and vindictive feelings, entertained" by the
then Judge of that Court, concluding with a prayer that the
judgment be decreed null and void, and the Sheriff's deed
made thereunder be cancelled.

To that portion of the answer which constitutes the cross
bill, the plaintiff demurred; and on April 11, 1868, an order

was entered sustaining the demurrer, and on May 13, 1869, it was, pursuant to the order of April 11th, adjudged, that so much of the answer as contained the cross bill be dismissed. This appeal is taken from the proceeding of May 13th.

It is evident that Holladay cannot be considered as an intervenor in this action within the provisions of the statute regulating interventions. He filed no petition or complaint, which was served upon the plaintiffs in the action, to be answered by them as if it were an original complaint.

He has no other *status* in the case than has his alleged tenant, the defendant Shore, in whose "name" the answer containing the cross bill was filed. The answer was entirely the pleading of defendant Shore, and not of Holladay. From an order sustaining a demurrer to a portion or the whole of an answer, or dismissing it in whole or in part, no appeal can be taken directly to this Court; the only method of review of such proceedings here is through an appeal from the final judgment thereafter entered in the action itself, if such judgment be unfavorable.

The appeal must be dismissed, and it is so ordered.

CROCKETT, J., concurring:

This action is in the ordinary form to recover the possession of real estate, and there are several defendants, one of whom is Charles Shore. The answer in his behalf is a somewhat anomalous pleading, and commences as follows: "Samuel W. Holladay, as landlord of Charles Shore, and in the name of said Shore, one of the above named defendants, by leave of Court first had and obtained, files this, his separate amended answer to the complaint in this action," etc. The answer then proceeds to deny the title of the plaintiffs, sets up the Statute of Limitations, and prays for a judgment against the plaintiffs, and that the defendant "be quieted in his title and possession." The answer is signed: "S. W. Holladay, by his Attorney, M. G. Cobb." Next follows, what is termed on the face of it, a further separate defense and for affirmative relief, "by way of a cross action;" and this pleading is also signed in the same way. The

plaintiff demurred to the cross complaint, and the Court having sustained the demurrer, dismissed the cross-action. Holladay has appealed.   Whether the cross complaint is to be treated as an intervention by Holladay in his own name, or as a cross action in the name of his tenant, Shore, I am at some loss to determine ; but I shall treat it for the purpose of this decision as a pleading properly in the case.

In the pleading Holladay claims to be the owner in fee of a portion of the demanded premises, under mesne conveyances from Chipman and Aughinbaugh, and avers that the alleged title of the plaintiffs is derived under a judgment against Chipman and Aughinbaugh, and on execution, sale and Sheriff's deed ; that the judgment was rendered on the 1st March, 1855, and whilst the action was pending, to wit : on the 21st February, 1855, the Court denied a motion of the defendants to change the place of trial ; and the defendants thereupon appealed to the Supreme Court from the order denying the motion, and gave a proper notice of appeal and undertaking ; that, though this fact was well known to the Court and the plaintiff, the Court, on the last day of the term, in the absence and without the knowledge of the defendants, and without a jury, rendered judgment for the plaintiff ; that the defendants were not informed of the judgment until after the term, and after it was too late to move for a new trial ; that the judgment was renderd by the Judge "out of malicious and vindictive feelings, entertained by him against Chipman and Aughinbaugh, and in passion and prejudice, and it is and was well known to this plaintiff, and all in fraud of said Chipman and Aughinbaugh's rights ;" that on his information and belief the judgment was rendered at a place other than the county seat of the county, as prescribed by law ; that the foundation of the action was a base, which was null and void ; that the defendants in the action had a good and meritorious defense to it ; that in rendering the judgment the Court wholly, wilfully and maliciously, and out of spite and prejudice towards the defendants, disregarded the matters of defense set up in the answer, although said matters were true, as was well known to the Court and the plaintiff ; that the Court, without any proof,

assessed the damages at a much larger amount than was just; that immediately after the rendering of the judgment the plaintiff therein, who is also one of the plaintiffs in this action, departed from this State and has never returned; that this defendant, or his grantors, had no knowledge of the frauds aforesaid, until about one year ago; that the predecessors in interest of this defendant went into possession after the date of the judgment; and the claim of the plaintiff to the title and possession is without foundation and is fictitious, and is a cloud on defendant's title. The prayer is that the judgment be decreed to be fraudulent, null and void; that the Sheriff's deed be cancelled; that the defendants' title be decreed to be paramount to the plaintiffs', and that it be adjudged the plaintiffs have no title, and be restrained from asserting title, as against the defendant.

If the Court improperly proceeded to try the cause, after an appeal was perfected from the order denying the motion to change the place of the trial, the remedy of the defendants was by an appeal from the judgment. By a statement on appeal, they could have brought up the facts and reversed the judgment. Or, if they had no other remedy, and the Court exceeded its jurisdiction in trying the cause, after the appeal, they could have brought the case up on *certiorari;* but it is clearly no grounds for equitable relief, after the lapse of fourteen years. If the Judge, who tried the cause, was actuated by malice, spite and prejudice towards Chipman and Aughinbaugh, this by no means proves that his judgment was erroneous, on the facts which appeared at the trial. Causes are reversed in appellate Courts, and the judgments of Courts are set aside, not because the Judge may have had a malicious feeling or a violent prejudice towards the losing party, but because the judgment itself is erroneous and ought not to have been rendered. A Judge may have a bitter animosity towards a litigant so that morally he is not a fit person to adjudicate the cause; but if the judgment is proper on the law and the facts, it will not be vacated simply because of malice in the Judge. To impeach the judgment either in a direct proceeding or in a collateral action, it must primarily be shown that it is erro-

neous and ought not to have been rendered. The showing in that respect in this case is: First—That the lease, which was the foundation of the action, was void; Second—That the judgment was rendered at a place other than the true county seat; Third—That the answer set up a valid and meritorious defense which was true, and wilfully and maliciously disregarded; Fourth—That the damages were excessive, as was well known to the Judge. There is no averment of the reason why the lease was void, or that the Court knew or believed it to be so, or that it was so averred in the answer in that cause, or was in any manner brought to the attention of the Court, and shown to be a void instrument. It may have been void for some cause not apparent on the face of it, and not brought to the attention of the Court by the pleadings or otherwise. If the judgment was rendered at a place other than the *true* county seat, this is a fact which cannot be inquired into collaterally, even though it afforded ground for reversing the judgment on appeal. It would be a somewhat startling proposition that fifteen years after a judgment is rendered, and when rights have grown up under it, it may be impeached and set aside, because it was not rendered at the *true* county seat. The fact that the answer set up a valid defense, which the Judge knew to be true in fact, does not prove that the judgment was erroneous. It is not averred that any proof whatever was offered on the trial by the defendants in support of their answer. On the contrary, the allegation is, that they were absent and had no knowledge of the trial. It is not averred that the truth of the facts alleged as a defense were in any manner proved or made to appear at the trial, but only that the Court knew them to be true.

It would be a somewhat novel proceeding to set aside a judgment against which no defense was made or proofs offered at the trial, on the ground that it was "well known to the Court and the plaintiff" that the defendant had a valid and meritorious defense which he neglected or failed to prove.

On the whole, my conclusion is that this cross-complaint states no valid cause of action. If it was intended to charge

the Court with corruption, and with having rendered an unjust and erroneous judgment from fraudulent motives, it was incumbent on the party at least to state such a case as to make it plain that on the facts, as they were presented by the *pleadings* and *proofs*, the judgment was wrong, and was founded in fraud and corruption. In making charges of such gravity they should at least be specific and definite.

In my opinion, also, the order sustaining the demurrer is not appealable.