[Civ. No. 26367. First Dist., Div. Four. Apr. 28, 1970.]

JOAN MARIE CZAP, Plaintiff and Appellant, v.
CREDIT BUREAU OF SANTA CLARA VALLEY,
Defendant and Respondent.

COUNSEL

William H. Penaat for Plaintiff and Appellant.

Hirsch & Robinson and Merrill M. Hirsch for Defendant and Respondent.

## OPINION

**CHRISTIAN, J.**—Appellant Joan Czap sued to enjoin respondent credit bureau from garnishing her wages in execution of a $250 judgment for attorney fees incurred in a divorce action. She alleges that respondent rejected her offer to pay the judgment in installments and that repeated levies are threatened despite respondent's knowledge that all but $45 weekly of appellant's wages are exempt from execution under Code of Civil Procedure section 690.11. The complaint alleges that repeated garnishments of wages jeopardize appellant's employment and that respondent's purpose is thereby to force appellant to pay the judgment out of exempt wages in order to avoid loss of employment.

In three separate causes of action based on the above allegations, appellant seeks (1) general and exemplary damages for abuse of process, (2) the same relief for unfair collection practices violating regulations applicable to respondent as a licensed collection agency, and (3) an injunction against such collection practices in behalf of the general public. Respondent's general demurrer was sustained as to all three causes of action; the appeal is from the ensuing judgment of dismissal and from a concurrent order denying appellant's application for a preliminary injunction.

The complaint alleges that respondent credit bureau took a judgment against appellant in the municipal court in the amount of $250 for an attorney's fee owed by appellant. Thereafter appellant offered to pay the judgment and costs at the rate of $20 per month; the offer was rejected. Appellant is the head of a household consisting of herself and two children; all her earnings are necessary for the support of the household. Respondent knew these facts; nonetheless, about one week before the complaint in the present action was filed, respondent garnished appellant's earnings for personal services rendered within the preceding 30 days.

It is alleged that respondent caused the garnishment to be made with knowledge that appellant's wages were all exempt, under Code of Civil Procedure section 690.11, and with intent "to cause [appellant] embarrassment with her employer . . . to wrongfully force her to pay said judgment out of the proceeds of her wages in order to avoid discharge . . ." Appellant alleges that respondent's conduct caused her to be "highly nervous and unable to properly perform her duties at her place of employment, thus jeopardizing her job; and her reputation at her place of employment has been damaged, . . ." In her first cause of action, appellant sought general and exemplary damages upon the facts just related.

A second cause of action alleges an additional fact: that respondent is

a collection agency licensed by the state and that its conduct constituted an unfair collection practice.

In a third cause of action it is additionally alleged that respondent usually and customarily proceeds in the manner indicated and, unless restrained, "will repeat a garnishment weekly in an effort to collect the entire judgment . . ." thus endangering appellant's employment. Appellant attempted, as part of the third cause of action, to allege a class action in behalf of "the general public, and particularly residents of Santa Clara County, . . ." so as to extend injunctive protection against misuse of garnishment process to all members of the "class" referred to.

■ Appellant contends, citing *Bowden* v. *Spiegel, Inc.* (1950) 96 Cal.App.2d 793 [216 P.2d 571], that the intentional use of "an unreasonable method of attempting to collect a debt which proximately results in physical illness is actionable." (*Bowden* v. *Spiegel, Inc., supra,* at p. 795.) It may perhaps be doubted that the mere levy of a wage garnishment can have "gone beyond all reasonable bounds of decency" within the meaning of Restatement of Torts (1948 supp.) section 46, comment g, so as to support an award of damages for intentional infliction of emotional distress. (Cf., *Perati* v. *Atkinson* (1963) 213 Cal.App.2d 472, 474 [28 Cal.Rptr. 898].) However, there is another theory of liability more apt to the facts alleged in the first cause of action. That is, abuse of process. In *Spellens* v. *Spellens* (1957) 49 Cal.2d 210, 231 [317 P.2d 613], the California Supreme Court approved the following definition of the tort taken from section 682 of Restatement of Torts: "One who uses legal process, whether criminal or civil, against another to accomplish a purpose for which it is not designed is liable to the other for the pecuniary loss caused thereby." (See also 1 Cal.Jur.2d, Abuse of Process, § 5.) Another writer defines the elements of abuse of process as, "first, an ulterior purpose, and second, a wilful act in the use of process not proper in the regular conduct of the proceeding." (Prosser, Torts (3d ed. 1964) Abuse of Process, § 115, p. 877.) Prosser observes that "[t]he improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of process as a threat or a club. There is, in other words, a form of extortion, and it is what is done in the course of negotiation, rather than the issuance or any formal use of the process itself, which constitutes the tort." (Prosser, Torts, *supra,* at p. 877.)

Here it is alleged that respondent, knowing that appellant's wages were exempt from execution, nevertheless procured a levy and threatens to procure others for the ulterior purpose of jeopardizing appellant's employment and thus forcing her to apply to the payment of the debt earnings or

other assets which under the statute are exempt. Of course, these allegations may be difficult of proof, but for purposes of reviewing the court's ruling upon the demurrer they must be assumed to be true. If they are true, they state a cause of action for abuse of process.

Respondent seeks to defend the court's ruling with the claim that but for that ruling respondent would be precluded from "availing itself of the opportunity to establish that a debtor's income exceeded his expenses, thereby depriving one-half of his earnings, or a portion thereof, of an exempt status." But that contention cannot be upheld on demurrer where the complaint alleged both that all of appellant's earnings were exempt and that respondent had knowledge of such fact.

Appellant's second cause of action adds an additional allegation that the conduct complained of constituted an "unfair collection practice." Appellant contends that this allegation, if proved, will establish liability under Business and Professions Code section 6947, which provides in part that "[n]o licensee or employee [within the Collection Agency Act] shall: . . . (k) Engage in any unfair or misleading practices or resort to any illegal means or methods of collection." It does appear that the standard of conduct defined in the statute was designed for protection of the public. "Violation of a statute embodying a public policy is generally actionable even though no specific remedy is provided in the statute; any injured member of the public for whose benefit the statute was enacted may bring an action [citation]." (*Wetherton* v. *Growers Farm Labor Assn.* (1969) 275 Cal.App.2d 168, 174 [79 Cal.Rptr. 543], citing *McIvor* v. *Mercer-Fraser Co.* (1946) 76 Cal.App.2d 247 [179 P.2d 758]. Whether any particular action by a licensed collector is an "unfair or misleading practice" will normally be a question of fact. Accordingly, for purposes of a general demurrer, appellant's second count must be held to have stated a cause of action.

Code of Civil Procedure section 382 authorizes a litigant to bring a class action "when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, . . ." But in order to make use of this procedure, the party bringing the action must show that he acts in behalf of an ascertainable class and that there is a well defined community of interest in the questions affecting the parties to be represented. (*Daar* v. *Yellow Cab Co.* (1967) 67 Cal.2d 695, 704 [63 Cal.Rptr. 724, 433 P.2d 732].) Here appellant designates the class for which she acts as "the general public, and particularly residents of Santa Clara County, . . ." That designation totally fails to meet the test of a class action.

■ A further question is presented as to the propriety of the superior court in this action enjoining allegedly threatened unlawful means of enforcing the municipal court judgment. Where the complaint alleges respondent's intention to make repeated levies on exempt earnings in order to obtain appellant's discharge from her employment unless she applies exempt earnings to the satisfaction of the judgment held by respondent, there is a sufficient allegation of threatened irreparable injury to support the granting of injunctive relief if the allegations are proved at trial. (27 Cal.Jur.2d, Injunctions, § 40.) Appellant points out that she does not seek to enjoin the issuance or levy of execution by the respondent as a general proposition but only to prohibit the garnishment of wages which were allegedly known to the respondent to be exempt, where the threatened garnishment was for the ulterior purpose of thwarting the wage exemption statute.

The order denying appellant's application for a preliminary injunction appears to have been dependent upon the court's ruling on the demurrer. Accordingly the order denying preliminary injunction and the judgment of dismissal are reversed with directions to overrule the general demurrer and thereupon to reconsider appellant's application for a preliminary injunction.

Devine, P. J., and Rattigan, J., concurred.