[Civ. No. 57546. Second Dist., Div. One. Aug. 4, 1980.]

IRVING SEIDNER, Cross-complainant and Appellant, v.
1551 GREENFIELD OWNERS ASSOCIATION et al.,
Cross-defendants and Respondents.

COUNSEL

Neiman & Billet and Daryl L. Smith for Cross-complainant and Appellant.

No appearance for Cross-defendants and Respondents.

OPINION

**RIMERMAN, J.\*—**

### FACTUAL BACKGROUND

The facts are taken from appellant's brief and from the clerk's transcript on appeal. Respondents have filed no briefs on this appeal. Appellant entered into a partnership agreement with 1551 Greenfield Company, a group of individuals, who all formed the partnership so as to build condominium homes, in which individuals of 1551 Greenfield Company were to reside. At the conclusion of the building of the project, the 1551 Greenfield Company sued appellant, herein, for a dissolution of partnership and an accounting, breach of fiduciary duty, negligence, breach of implied warranty, fraud, breach of contract and damages. This is known as the partnership suit.

The persons in the 1551 Greenfield Company, subsequently incorporated and became known as 1551 Greenfield Owners Association, a

---

*Assigned by the Chairperson of the Judicial Council.

California nonprofit corporation. The corporation filed a lawsuit against appellant after the partnership suit. The corporation suit sought damages alleging breach of implied warranty to construct the project in a workmanlike manner and declaratory relief, seeking a determination of which of the parties shall bear the cost of repairing the roof and waterproofing the building.

Now we have two separate lawsuits, each of which, respondents claim, has merit, as brought by two separate entities having legal status to bring suit, respectively.

The lawsuit concerned in this appeal is the corporate lawsuit, in which action the appellant filed a cross-complaint, alleging abuse of process and conspiracy. There was a demurrer to said cross-complaint. This was calendared for hearing, but before it was heard, it was taken off calendar, apparently at request of counsel for cross-complainant, appellant herein. A first amended cross-complaint was filed. In this first amended cross-complaint, appellant seeks declaratory relief in his first and second causes of action, and alleges abuse of process in his third cause of action, and conspiracy in his fourth cause of action.

There was a demurrer to the first amended cross-complaint.

An order was made sustaining the demurrer to the third and fourth causes of action without leave to amend, and dismissing the action as to the cross-defendants named in said third and fourth causes of action.

Appellant's notice of appeal indicates that he appeals "from an Order of Dismissal pursuant to a sustaining of demurrers to the Third and Fourth Causes of Action of the First Amended Cross-Complaint."

The case is still before the trial court, no final judgment having been rendered or entered.

## THE PLEADINGS

Appellant, in his cross-complaint sets forth certain allegations common to all causes of action; (1) that each cross-defendant is the agent and employee of each of the others, (2) that cross-defendant is in doubt as to whether he is entitled to recover from one or several or all of the named defendants and therefore they have all been joined.

In his first cause of action for declaratory relief, appellant incorporates by reference the allegations contained in his previous paragraphs and alleges that if he is liable for anything and must pay damages he is to be indemnified by the partnership and each general partner. He relies on California Corporations Code, section 15018, subdivision (b).[1]

In his second cause of action for declaratory relief, appellant incorporates by reference the introductory paragraphs of his complaint into this cause of action. In this second cause of action appellant claims that if he is to be indemnified by the corporation and the general partners, it is pursuant to Corporations Code sections 15013,[2] and 15015,[3] and by a contract implied in law.

Appellant's third cause of action for abuse of process incorporates by reference and includes in said third cause of action, the allegations heretofore incorporated into his first and second causes of action. In this third cause of action appellant claims the corporate defendant and certain of its members held a meeting and decided to file the corporate suit so as to bring pressure on appellant in order to effect a settlement of the partnership suit. He quotes from the minutes as follows: "'DAVE MURRAY raised the question as to why sue as homeowners if we have a partnership suit. Aren't we duplicating the suit? RUSSELL ROSEN replied, "This should be done to put more pressure on the builder; better to have more than one suit."'"

Appellant claims that respondents were seeking to obtain a collateral advantage over the appellant.

In his fourth cause of action, appellant alleges conspiracy and incorporates the preliminary paragraphs heretofore set forth and all of the allegations of his third cause of action into the fourth.

[1]Corporations Code section 15018, subdivision (b) provides in part: "(b) The partnership must indemnify every partner in respect of payments made and personal liabilities reasonably incurred by him in the ordinary and proper conduct of its business, or for the preservation of its business or property."

[2]Corporations Code section 15013 provides: "Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership or with the authority of his copartners, loss or injury is caused to any person, not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act."

[3]Corporations Code section 15015 provides: "All partners are liable [¶] (a) Jointly and severally for everything chargeable to the partnership under Sections 15013 and 15014. [¶] (b) Jointly for all other debts and obligations of the partnership; but any partner may enter into a separate obligation to perform a partnership contract."

A general demurrer to this first amended cross-complaint was filed, by some of the cross-defendants.

The demurrer to the cross-complaint was sustained as to the third and fourth causes of action, without leave to amend, and they were ordered dismissed. Appellant appeals from the order of dismissal.

The respondent herein, who has filed no briefs on this appeal, states in his demurrer to the first amended cross-complaint that the issue of abuse of process was decided by the trial court when it sustained a demurrer to appellant's answer to the complaint, wherein the affirmative defense of abuse of process was ordered stricken from the answer. This we glean from the clerk's transcript on appeal. Respondent makes no argument in regard to the conspiracy aspect of the alleged fourth cause of action.

In his opposition to the demurrer, appellant does not argue the conspiracy cause of action of his first amended cross-complaint.

### Discussion

■  The initial problem facing an appellate court is to determine whether the matter presented on appeal is one which the appellate court has jurisdiction to accept, so as to render an opinion. (Code Civ. Proc., § 904.1)[4]

---

[4]Code of Civil Procedure section 904.1 provides: "An appeal may be taken from a superior court in the following cases:

"(a) From a judgment, except (1) an interlocutory judgment, other than as provided in subdivision (h), (i) and (j), (2) a judgment of contempt which is made final and conclusive by Section 1222, or (3) a judgment on appeal from a municipal court or a justice court or a small claims court.

"(b) From an order made after a judgment made appealable by subdivision (a).

"(c) From an order granting a motion to quash service of summons or granting a motion to stay or dismiss the action on the ground of inconvenient forum.

"(d) From an order granting a new trial or denying a motion for judgment notwithstanding the verdict.

"(e) From an order discharging or refusing to discharge an attachment.

"(f) From an order granting or dissolving an injunction, or refusing to grant or dissolve an injunction.

"(g) From an order appointing a receiver.

"(h) From an interlocutory judgment, order, or decree, hereafter made or entered in an action to redeem real or personal property from a mortgage thereof, or a lien thereon, determining such right to redeem and directing an accounting.

"(i) From an interlocutory judgment in an action for partition determining the rights and interests of the respective parties and directing partition to be made.

It is to be noted that the parties to the lawsuit hereinabove referred to as the partnership suit are the same as the parties herein referred to as the corporate suit. In the matter before us, the corporate suit, the lower court sustained the demurrer without leave to amend as to the third and fourth causes of action of appellant's first amended cross-complaint, and dismissed as to the parties named therein as cross-defendants. These same cross-defendants are such in the other causes of action remaining in the cross-complaint. In effect, the third and fourth causes of action were stricken from the cross-complaint. The lawsuit is still viable in the trial court—no judgment having been rendered for or against either side herein.

At first blush the appeal would appear to be somewhat premature and contrary to the one judgment rule in California. (*Lemaire* v. *All City Employees Assn.* (1973) 35 Cal.App.3d 106 [110 Cal.Rptr. 507]; *Bank of America* v. *Superior Court* (1942) 20 Cal.2d 697 [128 P.2d 357]; *de Vally* v. *Kendall de Vally O. Co., Ltd.* (1934) 220 Cal. 742 [32 P.2d 638]; *Mather* v. *Mather* (1936) 5 Cal.2d 617 [55 P.2d 1174]; *DeGrandchamp* v. *Texaco, Inc.* (1979) 100 Cal.App.3d 424 [160 Cal. Rptr. 899].)

It has also been held that an order sustaining a demurrer to a pleading in whole or in part, or dismissing it in whole or in part may only be reviewed on appeal from a final judgment. (*Hibberd* v. *Smith* (1870) 39 Cal. 145; *Carley* v. *City of Santa Rosa* (1957) 154 Cal.App.2d 213 [315 P.2d 905]; *Kennedy* v. *Owen*, 85 Cal.App.2d 517 [193 P.2d 141].)

However, it would appear here as though we have that type of situation which lends itself to our jurisdiction even though the case is still in progress. The sustaining of the demurrer and dismissal of the third and fourth causes of action may be said to be a final judgment as to those parties in whose favor it was dismissed and against whom it was dismissed. (Code Civ. Proc., §§ 581d,[5] 904.1; *Gruenberg* v. *Aetna*

"(j) From an interlocutory judgment of dissolution of marriage, including the provisions thereof determining the separate, community, or quasi-community character of the parties' properties, regardless of whether the court in such judgment has reserved jurisdiction pursuant to Section 4800 of the Civil Code to value or divide all or a portion of the community or quasi-community property.

"(k) From an order or decree made appealable by the provisions of the Probate Code."

[5]Code of Civil Procedure section 581d provides: "A written dismissal of an action shall be entered in the clerk's register and is effective for all purposes when so entered.

"All dismissals ordered by the court shall be in the form of a written order signed by

*Insurance Co.* (1973) 9 Cal.3d 566 [108 Cal.Rptr. 480, 510 P.2d 1032]; *Beazell* v. *Schrader* (1963) 59 Cal.2d 577 [30 Cal.Rptr. 534, 381 P.2d 390]; *Diaz* v. *United California Bank* (1971) 71 Cal.App.3d 161 [139 Cal.Rptr. 314]; *Valvo* v. *University of Southern California* (1977) 67 Cal.App.3d 887 [136 Cal.Rptr. 865].)

■ A demurrer is a pleading (Code Civ. Proc., § 422.10)[6] with the primary function of testing the legal sufficiency of the pleading to which it is addressed, and only raises questions of law (Code Civ. Proc., § 589; *Porten* v. *University of San Francisco* (1976) 64 Cal.App.3d 825 [134 Cal.Rptr. 839]; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 796 et seq.; *Whitcombe* v. *County of Yolo* (1977) 73 Cal.App.3d 698 [141 Cal.Rptr. 189]).

The demurrer does not test the evidence or any other matter, except the pleading, and it will lie where the defect appears on the face of the pleading. (Code Civ. Proc., § 430.10.)[7] The demurrer addressed to the cross-complaint in this action is said to be a general demurrer. (Code Civ. Proc., § 430.10, subd. (e);[8] Witkin, *supra.*)

All material and issuable facts properly pleaded are conditionally admitted for the purpose of testing the question of law raised by the demurrer. (*Moncur* v. *Los Angeles* (1977) 68 Cal.App.3d 118 [137 Cal.Rptr. 239]; *Daar* v. *Yellow Cab Co.* (1967) 67 Cal.2d 695 [63 Cal.

---

the court and filed in the action and such orders when so filed shall constitute judgments and be effective for all purposes, and the clerk in superior, municipal, and justice courts shall note such judgments in his register of actions in the case."

[6]Code of Civil Procedure section 422.10 provides: "The pleadings allowed in civil actions are complaints, demurrers, answers and cross-complaints."

[7]Code of Civil Procedure section 430.10 provides: "The party against whom a complaint or cross-complaint has been filed may object by demurrer or answer as provided in Section 430.30, to the pleading on any one or more of the following grounds:

"(a) The court has no jurisdiction of the subject of the cause of action alleged in the pleading.

"(b) The person who filed the pleading does not have the legal capacity to sue.

"(c) There is another action pending between the same parties on the same cause of action.

"(d) There is a defect or misjoinder of parties.

"(e) The pleading does not state facts sufficient to constitute a cause of action.

"(f) The pleading is uncertain. As used in this subdivision, 'uncertain' includes ambiguous and unintelligible.

"(g) In an action founded upon a contract, it cannot be ascertained from the pleading whether the contract is written or oral.

"(h) No certificate was filed as required by Section 411.30."

[8]Code of Civil Procedure section 430.10, subdivision (e) provides: "The pleading does not state facts sufficient to constitute a cause of action."

Rptr. 724, 433 P.2d 732]; *Hoyem* v. *Manhatten Beach City School Dist.* (1978) 22 Cal.3d 508 [150 Cal.Rptr. 1, 585 P.2d 851]; *Harman* v. *City and County of San Francisco* (1972) 7 Cal.3d 150 [101 Cal.Rptr. 880, 496 P.2d 1248]; *Stigall* v. *City of Taft* (1962) 58 Cal.2d 565 [25 Cal.Rptr. 441, 375 P.2d 289].)

A general demurrer is a vehicle whereby the entire pleading to which it is addressed is searched to find any material and necessary allegation to be missing. In effect a court trial is had on the alleged facts and no testimony by witnesses under oath. (*Burke* v. *Maguire* (1908) 154 Cal. 456 [98 P. 21]; *Banerian* v. *O'Malley* (1974) 42 Cal.App.3d 604 [116 Cal.Rptr. 919]; *Brouseau* v. *Janett* (1977) 73 Cal.App.3d 864 [141 Cal.Rptr. 200].)

We thus come to the pleadings and more specifically the third and fourth causes of action of the cross-complaint to which the demurrer was sustained without leave to amend.

As to the third cause of action alleging abuse of process, we must determine the elements of such an action, which has been said to be an action sounding in tort. ■ The elements of the tort are ulterior motive in using the process and use of the process in a wrongful manner. (*Pimental* v. *Houk* (1951) 101 Cal.App.2d 884 [226 P.2d 739]; *Coy* v. *Advance Automatic Sales Co.* (1964) 228 Cal.App.2d 313 [39 Cal. Rptr. 476]; *White Lighting Co.* v. *Wolfson* (1968) 68 Cal.2d 336 [66 Cal.Rptr. 697, 438 P.2d 345].)

The appellant cites us to Dean Prosser in defining abuse of process as the threat to use, or actual use of legal process as a "form of coercion to obtain a collateral advantage." (Prosser on Torts (2d ed. 1955) pp. 668-669; *Tellefsen* v. *Key System Transit Lines* (1958) 198 Cal. App.2d 611, 615 [322 P.2d 469, 67 A.L.R.2d 556]; *Spellens* v. *Spellens* (1957) 49 Cal.2d 232 [317 P.2d 613].) Appellant goes on to tell us that Witkin has collected the various definitions of abuse of process and concludes that the misuse of the process may be of a process which is legal and lawful in itself, but for a use other than for which it was issued. (3 Witkin, Cal. Procedure (2d ed. 1971) Pleadings, § 618, p. 2252; *Czap* v. *Credit Bureau of Santa Clara Valley* (1970) 7 Cal.App.3d 1 [86 Cal. Rptr. 417].) It is to be noted that the case of *Czap*, cited by appellant, has nothing to do with the filing of a lawsuit as is involved in the case at bar. In *Czap, supra,* plaintiff was sued for attorney fees she incurred in her divorce action. A judgment was obtained against her. She

brought an action against the credit bureau to enjoin their garnishment of her wages, alleging abuse of process. On appeal from the judgment after demurrer sustained against her, the appellate court reversed. The court said that the defendants were guilty of an abuse of process by seeking to levy upon her exempt wages so as to force her to pay the judgment. Further, the appellant cites us to the proposition that filing of a lawsuit may be an abuse of process, citing *Tellefsen* v. *Key System Transit Lines, supra,* 198 Cal.App.2d 611, 613; and *Phillipson* v. *Board of Administration* (1970) 3 Cal.3d 32, 51 [89 Cal.Rptr. 61, 473 P.2d 765]. Indeed, it may be said to be true that the filing of a lawsuit is a legal process, but the cases cited by counsel do not indicate that the mere filing of the lawsuit is an abuse of process.

Again, appellant cites us to a case wherein he wants us to believe that the filing of a lawsuit is abuse of process, and cites *Barquis* v. *Merchants Collection Assn.* (1972) 7 Cal.3d 94 [101 Cal.Rptr. 745, 496 P.2d 817]. In the *Barquis* case, the defendants filed suits for collection against defendants, in an improper venue. The Supreme Court reversed the trial court judgment stating among other rulings that the filing of actions in an improper venue stated facts to allow a court to issue an injunction because of use of abuse of process.

It is quite evident from the cases cited by appellant, a few of which have been commented upon here, that the parties who have abused or misused the process, have gone beyond the mere filing of a lawsuit.

Appellant would have us believe that the filing of the corporate lawsuit in the action before us is of such a significant posture that a threat, or collateral advantage is to be ascribed to those parties. He relies upon that part of a stockholder's meeting wherein "Dave Murray raised the question as to why sue as Home Owners if we have a partnership suit. Aren't we duplicating the suit. Russell Rosen replied this should be done to put more pressure on the builder; better to have more than one suit." A vote was taken and it was decided to consult with their attorney so as to bring a lawsuit against appellant. What, if anything else, did the respondents as defendants do except file its lawsuit? Is it not true that in any lawsuit there is a element of threat or coercion? It is difficult for us to determine the improper purpose to which the process, filing the corporate suit, is put so as to pressure the appellant to settle the partnership suit. If he feels pressure, that may be his subjective feelings or thoughts. If he does not wish to settle, it is doubtful if any

further lawsuits will cause him to want to settle. It may be said here that settlements have long been favored by the courts. The courts look with favor upon settlements, where there is no fraud. (*Rohrbacher* v. *Aitken* (1904) 145 Cal. 485 [78 P. 1054]; *Armstrong* v. *Sacramento Valley R. Co.* (1919) 179 Cal. 648 [178 P. 516]; *Hamilton* v. *Oakland School Dist.* (1933) 219 Cal. 322 [26 P.2d 296]; *Estate of Johanson* (1943) 62 Cal.App.2d 41 [144 P.2d 72]; *Estate of Howe* (1948) 88 Cal.App.2d 520 [199 P.2d 59]; *Cassin* v. *Financial Indemnity Co.* (1958) 160 Cal.App.2d 631 [325 P.2d 228].)

We recognize that the parties to the lawsuit filed by the partners as well as the corporation are caught in a frustrating situation. They appear to be living in a newly constructed building with many defects. Their main purpose and vain desire seem to be to have the defects corrected so that they can live peacefully and in reasonable comfort. A careful perusal of the minutes of the home owners association meeting found in the clerk's transcript seems to bear this out.[9] There is no intent

---

[9]       "1551 Greenfield Ave. Home Owners General Meeting
May 8, 1978

"The general meeting of the Home Owners Assoc was called to order by our President Ed Quinton at 8:00 p.m. on May 8, 1978. Our president reviewed the meeting of 4/,24/,78 re: the Bldg. defficiencies:

"1. Options discussed as follows Partners sue themselves: action against Irving Seidner, the builder for roof damages, water damages etc.; Can sue as a group as Home Owners Assoc, or each Home owner can sue whomever he wishes as an individual; can sue contractor as a group for the bldg. difficiencies..

"2. At present there is a partnership suit filed. Also can save some legal fees if combine the suits.

"3. Individual can sue for individual damages to his own apt; above those to public areas of exterior deficiencies..

"A question was raised by Herman Morhar: If he purchases apt, only saw it in frame condition, not a completed bldg., he would have right to sue for defective construction of his unit.

"There could be three lawsuits for the same losses or deficiencies of the bldg.

"What is the purpose of Seidner's Atty to see and inspect the bldg.

"1. Seidner says he has witnesses would testify bldg. proper, good construction etc. Saltsman (our atty) said to have Seidner atty. see the damage and deficiencies so that he can talk with Seidner and persuade him to settle out of court.

"Bob Abramson suggested we wait to hear from other atty after inspection to see what he would say. Ed Quinton said we have waited a long time and he feels we should not wait..

"Russell Rosen feels we should decide tonight if we want to sue as Home Owners Assoc and be ready if other atty and Seidner give a negative reply

"Dave Murray raised the question as to why sue as Home Owners if we have a partnership suit. Aren't we duplicating the suit. Russell Rosen replied this should be done to put more pressure on the builder; better to have more than one suit..

"Betty Schwartz made the statement that she doesn't wish to file a lawsuit if exterior will be repaired so the water damage will not be repeated. She also said she will pay

or attempt to impair appellant's ability to proceed with the partnership lawsuit. As a matter of fact, it is not too remote to imagine that if the trial court were to be made aware that two identical lawsuits were filed, that consolidation would be in order.[10]

As to appellant's fourth cause of action alleging conspiracy, it is true that the gravamen of the action is the damages suffered. (*James* v. *Herbert* (1957) 149 Cal.App.2d 741 [309 P.2d 91].) There must be a formation by parties to conspire to do an act which will cause or causes damages to the other party. (*DeVries* v. *Brumback* (1960) 53 Cal.2d 643 [2 Cal.Rptr. 764, 349 P.2d 532]; *Allen* v. *Powell* (1967) 248 Cal. App.2d 502 [56 Cal.Rptr. 715, 29 A.L.R.3d 1218]; *117 Sales Corp.* v. *Olson* (1978) 80 Cal.App.3d 645 [145 Cal.Rptr. 778].)

What we have here is but an attempted statement of a cause of action for abuse of process, resulting in no damage to the appellant.

We conclude that the appellant has not stated a cause of action for abuse of process, nor for civil conspiracy.

The order of dismissal is affirmed.

Jefferson (Bernard), Acting P. J.,* and Lillie, J., concurred.

A petition for a rehearing was denied September 2, 1980, and appellant's petition for a hearing by the Supreme Court was denied October 15, 1980.

---

her interior repairs herself if no further leakage. .

"Arthur Pearlstein raised the question has the roof been inspected or the other defects been inspected: What about arbitration? Will anyone say what is wrong. .

"Ed Quinton said we have to protect the rights of the property owners assoc and that is why he called the meeting tonight.

"Herman Morhar moved that the Home Owners Assoc, with the advise of atty. Saltsman on the case and hire him and bring suit against Irving Seidner. Voted by secret ballot.—Yes 9; No 2; abstaining 1. Motion carried. Ed will call atty and nail down fees, what so far, explain the lawsuit etc. Meeting adjourned 9 p.m.

"Respectfully submitted,
"Lou Aidella. Acting Secy."

There were additional handwritten notes in the margins on the minutes of the meeting, but they were completely illegible.

[10]Local Rules of Court rule 304, section 2; California Rules of Court, rule 244.5.

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.