[Civ. No. 69239. Second Dist., Div. Seven. Jan. 4, 1984.]

LAWRENCE DRASIN, Plaintiff and Appellant, v.
JACOBY & MEYERS, Defendant and Respondent.

482

**COUNSEL**

Kessler & Drasin and Timothy P. McNulty for Plaintiff and Appellant.

Mary G. Whitaker and Lewis, D'Amato, Brisbois & Bisgaard for Defendant and Respondent.

OPINION

**SCHAUER, P. J.—**

*Facts*

Plaintiff, Lawrence Drasin, appeals from an order of dismissal after the sustaining of a demurrer in favor of defendant and respondent, Jacoby and Meyers (Jacoby), in this action for malicious prosecution.

Drasin, an attorney, represented Gisele Yang in a marital dissolution action. Yang discharged Drasin in 1973, prior to the termination of that action. In September 1977 Yang, represented by Jacoby, filed a complaint for malpractice against Drasin. Drasin demurred on the grounds that the statute of limitations period had expired. The trial court overruled this demurrer. Two and one-half years later. Drasin filed a motion for summary judgment, arguing again that Yang's action was barred by the statute of limitations. The trial court granted this motion.

On February 4, 1982, Drasin filed a complaint against Jacoby, alleging that Jacoby filed the action on behalf of Yang in order to obtain a "nuisance type settlement" and to gain publicity for its office. Drasin further alleged that Jacoby had been advised that the "statute of limitations had long run" and persisted in the claim for malicious reasons.

Jacoby filed a demurrer on April 19, 1982, which was sustained without leave to amend. Drasin appeals claiming (1) the demurrer to his action for malicious prosecution was improperly sustained and (2) he should be allowed to amend his complaint to state a cause of action for abuse of process.

I

The demurrer was properly sustained as to Drasin's cause of action for malicious prosecution because there had been no favorable termination reflecting the merits of the underlying action.

A plaintiff in a malicious prosecution action must plead and prove that the prior judicial proceeding of which he complains terminated in his favor. (*Babb* v. *Superior Court* (1971) 3 Cal.3d 841, 845 [92 Cal.Rptr. 179, 479 P.2d 379].) Furthermore, the termination must reflect on the merits of the underlying action. (*Lackner* v. *LaCroix* (1979) 25 Cal.3d 747, 750 [159 Cal.Rptr. 693, 602 P.2d 393].)

In *Lackner, supra,* the California Supreme Court held that "[a] bar raised by the statute of limitations does not reflect on the merits of the action and

thus is not a favorable termination for purposes of a subsequent malicious prosecution action." (*Id.* at p. 752.)

Here, Drasin, who prevailed in the prior action based on the statute of limitations, attempts to avoid the rule in *Lackner* by relying on footnote 3 of that opinion, which reads: "Lackner does not claim defendants prosecuted the underlying action for medical malpractice knowing the term of the applicable statute of limitations had run. Thus we do not confront the question of a defendant's right to relief when a knowingly ill-founded suit brought only to harass or vex the defendant fails for procedural reasons." In his complaint Drasin alleged that Jacoby filed the underlying lawsuit with knowledge that the limitations period had run, for the purpose of coercing a settlement and gaining publicity for its office. To support this contention Drasin alleged that he had advised Jacoby that the limitations period had expired, but that Jacoby "persisted in bringing the action."

■ In reviewing a demurrer to a malicious prosecution action, an appellate court may take judicial notice of the file in the underlying action. (Evid. Code, § 452, subd. (d); *Weiner v. Mitchell, Silverberg & Knupp* (1980) 114 Cal.App.3d 39, 47 [170 Cal.Rptr. 533].) ■ Accordingly, we have examined the file in the underlying suit filed by Jacoby against Drasin. The contrary rulings of the courts in response to Drasin's demurrer and his later summary judgment motion establish that a genuine question existed as to whether the limitations period had expired prior to the filing of the complaint in that case. We do not believe that the *Lackner* footnote makes an attorney's attempt to obtain a hearing on the merits actionable, when there is a genuine question as to whether such a hearing is precluded by the statute of limitations. We therefore find the exception proposed in footnote 3 of *Lackner* inapplicable to the case at bench.

Drasin also argues that any doubts regarding the limitations period should have been dispelled when he notified Jacoby that this period had expired. This notification, however, could reasonably have been viewed as a part of the puffing and posturing so typical of communications between litigators. Indeed, similar protestations were ignored by the trial court in that action, when Drasin's demurrer was overruled.

Given the uncertainty about the statute of limitations, Jacoby might have been guilty of malpractice had it not attempted to obtain a hearing on the merits for its client's claim. This is so notwithstanding any advice received from opposing counsel. The fact that its attempt to win a day in court for its client was stymied on technical grounds will not serve as the basis for a malicious prosecution action.

## II

The trial court acted properly in refusing to allow Drasin to amend his complaint to state a cause of action for abuse of process.

■ "Abuse of process differs from malicious prosecution in that the gist of the tort is not commencing an action or causing process to issue without justification, but misusing, or misapplying process justified in itself for an end other than that which it was designed to accomplish." (Prosser, Torts (4th ed. 1971) § 121, p. 856.) ■ Accordingly, the elements of the tort are (1) an ulterior motive in using the process and (2) the use of the process in a wrongful manner. (*Seidner* v. *1551 Greenfield Owners Assn.* (1980) 108 Cal.App.3d 895, 903 [166 Cal.Rptr. 803].)

■ In the case at bench, Jacoby did not more than file a complaint for damages. Jacoby's actions might have been actionable had the motive imputed to it by Drasin (i.e., gaining publicity or obtaining a "nuisance" settlement) been combined with some more substantial use or misuse of the judicial process. However, the filing of a complaint has been held to be privileged, in the context of an abuse of process proceeding, under Civil Code section 47, subdivision 2. (*Asia Investment Co.* v. *Borowski* (1982) 133 Cal.App.3d 832, 841, 842-843 [184 Cal.Rptr. 317]; cf. *Williams* v. *Hartford Insurance Co.* (1983) 147 Cal.App.3d 893, 897 [195 Cal.Rptr. 448].) Furthermore, and aside from this privilege, the cases involving this tort indicate that the mere filing of a complaint cannot constitute an abuse of process. (*Seidner* v. *1551 Greenfield Owners Assn., supra,* 108 Cal.App.3d at p. 904; *Clark Equipment Co.* v. *Wheat* (1979) 92 Cal.App.3d 503, 526 [154 Cal.Rptr. 874]; *Christensen* v. *Younger* (1975) 47 Cal.App.3d 613 [120 Cal.Rptr. 923].) The court in *Seidner, supra,* 108 Cal.App.3d at page 904, noted that an element of coercion is present in the filing of every lawsuit; hence the combination of a desire to coerce with the filing of a complaint will not constitute an actionable abuse of process. Since Jacoby's complaint, as described by Drasin, amounts to just such an attempt to coerce a settlement, the trial court acted well within its discretion in refusing to allow plaintiff to amend his complaint to state a cause of action for abuse of process.

The judgment (order of dismissal) is affirmed.

Thompson, J., and Merrick, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.