[No. G008686. Fourth Dist., Div. Three. May 29, 1990.]

DAVID WARREN, Plaintiff and Appellant, v.
WASSERMAN, COMDEN & CASSELMAN et al., Defendants and
Respondents.

■■■■■■■■■■■■■■■

COUNSEL

David Warren, in pro. per., for Plaintiff and Appellant.

Wasserman, Comden & Casselman, Catherine H. Stevenson, Slott & Diamond and Jeffrey A. Slott, for Defendants and Respondents.

OPINION

COX, J.*—Plaintiff David Warren appeals from orders sustaining a demurrer as to one count and granting summary judgment as to the other two counts of his complaint for malicious prosecution and abuse of process. We affirm.[1]

FACTS

In January 1985 Warren filed an action for breach of contract and misrepresentation on behalf of his clients, Jane and Thomas Delaney, against Jay and Karin Evans and General Insurance Contractors (GIC). Defendants, who were represented by Wasserman, Comden & Casselman and its associate, Jeffrey A. Slott, cross-complained against Warren on theories of legal malpractice, breach of fiduciary duty, declaratory relief and indemnification. Warren had been the Evanses' attorney and GIC's corporate counsel until he was dismissed in April 1984, and it was alleged he negotiated the agreement (which was the subject of the complaint) on the Evanses' behalf.

The complaint and cross-complaint went to trial in October 1988. After cross-complainants rested, Warren made an oral motion for nonsuit on the ground the cross-complaint was barred by the one-year statute of limitations contained in Code of Civil Procedure section 340.6. Warren argued, and the trial court found, that the Evans had consulted the Wasserman law firm in April 1984, more than a year before the cross-complaint was filed.

---

* Assigned by the Chairperson of the Judicial Council.
[1] No judgment was entered on the demurrer interposed by defendants or the motion for summary judgment. Warren attempts to appeal from those orders, but they are nonappealable. (Code Civ. Proc., § 904.1.) Although neither party raises the point, in the interests of justice and to prevent unnecessary delay we will deem the orders to incorporate a judgment of dismissal and will treat the notice of appeal as applying to the judgment so entered. (*Bellah* v. *Greenson* (1978) 81 Cal.App.3d 614, 618, fn. 1 [146 Cal.Rptr. 535, 17 A.L.R.4th 1118].)

No other ground was raised in support of the motion. The trial court granted the motion and dismissed the cross-complaint as to Warren.

Warren then filed the instant action for abuse of process, malicious prosecution and conspiracy against the law firm of Wasserman, Comden & Casselman, Steve Wasserman, Leonard Comden, David Casselman, Mark Roth, the law firm of Slott & Shandler and Jeffrey Slott (the Wasserman attorneys) as well as the Evanses and GIC. Warren alleged defendants cross-complained knowing the statute of limitations had run on any malpractice action, that it was done without an honest or reasonable belief there were grounds for the action, and that the cross-complaint was filed for the purpose of coercing Warren's clients into satisfying an obligation which was not due and owing.

The Wasserman attorneys successfully demurred to the abuse of process count on the ground the mere filing of an action is not a misuse of process. Summary judgment was also granted on the malicious prosecution and conspiracy counts on the ground the cross-complaint was not favorably terminated. Warren appeals.

## DISCUSSION

### I

Warren contends the trial court erred in sustaining the demurrer to the abuse of process count. He asserts that count states a cause of action because it alleges defendant attorneys filed and took to trial a cross-complaint they knew was groundless in order to gain a collateral advantage in the underlying action. The contention is without merit.

To state a cause of action for abuse of process, the plaintiff must plead the defendant had an ulterior motive, and committed " ' "a wilful act in the use of the process not proper in the regular conduct of the proceeding." ' " (*Oren Royal Oaks Venture* v. *Greenberg, Bernhard, Weiss & Karma, Inc.* (1986) 42 Cal.3d 1157, 1168 [232 Cal.Rptr. 567, 728 P.2d 1202].) It is the second element, the commission of an act in a wrongful manner, which is at issue here. Warren concedes, as he must, that the mere filing of a complaint does not constitute a wrongful use of process. (*Ibid.*; *Kappel* v. *Bartlett* (1988) 200 Cal.App.3d 1457, 1466 [246 Cal.Rptr. 815].) However, relying on language in *Seidner* v. *1551 Greenfield Owners Assn.* (1980) 108 Cal.App.3d 895, 904 [166 Cal.Rptr. 803] "that the parties who have abused or misused the process, have gone beyond the mere filing of a

lawsuit," he asserts that the prosecution of an action knowing it is groundless is the type of misuse of process which states a cause of action for abuse of process. He further notes (but did not allege) that the register of actions in the underlying case will show the Wasserman attorneys filed numerous motions and deposed Warren on more than five occasions.

The same argument was recently made and rejected in *Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc., supra,* 42 Cal.3d 1157. There, the plaintiff alleged "defendants instituted and continued to prosecute" an action under the California Environmental Quality Act "for the purpose of coercing a monetary settlement rather than to further environmental concerns." (*Id.* at p. 1169.) In finding those allegations insufficient to state a cause of action for abuse of process, the Supreme Court stated: "The relevant California authorities establish, . . . that while a defendant's act of improperly instituting or maintaining an action may, in an appropriate case, give rise to a cause of action for malicious prosecution, the mere filing *or maintenance of a lawsuit*—even for an improper purpose—is not a proper basis for an abuse of process action. [Citations.]" (*Ibid.,* italics added.)

Since Warren's complaint is based on the premise that the continued prosecution of the underlying action was the misuse of process, the court correctly sustained the demurrer.

## II

■ The trial court also granted summary judgment on the malicious prosecution count, finding the termination of the prior action by a successful statute of limitations defense was not a termination in Warren's favor. Warren claims this was error. Relying on footnote 3 in *Lackner v. LaCroix* (1979) 25 Cal.3d 747, 752 [159 Cal.Rptr. 693, 602 P.2d 393], he argues that the dismissal of a prior action on limitations grounds constitutes a favorable termination when the complaint alleges, as here, the prior action was prosecuted with knowledge the statute of limitations had run. The argument is without merit.

■ To state a cause of action for malicious prosecution, the plaintiff, in addition to alleging the prior action was initiated with malice and brought without probable cause, must plead the prior action was terminated in his favor. (*Babb v. Superior Court* (1971) 3 Cal.3d 841, 845 [92 Cal.Rptr. 179, 479 P.2d 379].) ■ The requirement of favorable termination has been variously defined but the core of the concept is that termination must reflect on the *merits* of the prior action. (*Lackner v. LaCroix, supra,* 25 Cal.3d at

pp. 750-751; *Oprian* v. *Goldrich, Kest & Associates, ante,* p. 337 [269 Cal.Rptr. 429].) Favorable termination does not mean the plaintiff prevailed in the prior action. For a termination to be favorable it must reflect the plaintiff's innocence of the alleged misconduct. (*Lackner* v. *LaCroix, supra,* 25 Cal.3d at p. 751.)

Termination of a prior action by a successful statute of limitations defense is not a favorable termination since it does not reflect on the merits of the prior action. (25 Cal.3d. at p. 752.) Indeed, "Termination of an action by a statute of limitations defense must be deemed a technical or procedural as distinguished from a substantive termination. Like other procedural defenses—i.e., lack of personal jurisdiction or failure to comply with the statute of frauds—the limitations defense is waived unless timely raised." (*Id.* at p. 751.) Moreover, there are strong public policy reasons which "run against maintenance of a cause of action for malicious prosecution based on an action dismissed for limitations reasons . . . . When the underlying action has been dismissed [under a limitations defense] and the prevailing party attempts to assert a cause for malicious prosecution, he necessarily puts in question the same stale issues. Certainly if policy considerations preclude litigation of such issues in the underlying action, the same considerations also preclude it in the malicious prosecution action." (*Id.* at p. 752.)

Warren attempts to sidestep the preclusive effect of *Lackner* by asserting footnote 3 of that opinion carves out an exception applicable here. Footnote 3 provides: "Lackner does not claim defendants prosecuted the underlying action for medical malpractice knowing the term of the applicable statute of limitations had run. Thus we do not confront the question of a defendant's right to relief when a knowingly ill-founded suit brought only to harass or vex the defendant fails for procedural reasons. [Citations.]" (25 Cal.App.3d at p. 752.) Warren alleged the Wasserman attorneys prosecuted the cross-complaint knowing the statute of limitations had run, and he urges us to hold that that allegation satisfies the favorable termination element of the tort for malicious prosecution under footnote 3.

No reported decision has determined whether footnote 3 creates the exception Warren says it does. *Drasin* v. *Jacoby & Meyers* (1984) 150 Cal.App.3d 481 [197 Cal.Rptr. 768], the only case we are aware of which faced the issue, concluded footnote 3 was inapplicable under its facts because there was a genuine question there as to whether the statute of limitations was a bar. (*Id.* at p. 484.)

Warren does not offer any persuasive reason why the alleged conduct satisfies the *favorable termination* element of malicious prosecution. Instead,

Warren directs our attention to language in *Sheldon Appel Co.* v. *Albert & Oliker* (1989) 47 Cal.3d 863, 885 [254 Cal.Rptr. 336, 765 P.2d 498], and *Klein* v. *Oakland Raiders, Ltd.* (1989) 211 Cal.App.3d 67, 74-75 [259 Cal.Rptr. 149], which stresses that in the context of a malicious prosecution action, the law protects only "legally tenable" claims for relief. Warren reasons that an action which is barred by the statute of limitations is not legally tenable and thus a cause of action for malicious prosecution will lie where, as here, the underlying action was clearly barred by a limitations defense.

Warren confuses the elements of probable cause and favorable termination. Whether a prior action was legally tenable goes to the issue of probable cause, that is, did the defendant have an honest and reasonable belief in the truth of the allegations. (*Sheldon Appel Co.* v. *Albert & Oliker, supra,* 47 Cal.3d at p. 878.) Whether a prior action was terminated favorably tends to show the innocence of the defendant in the prior action (*Paramount General Hospital Co.* v. *Jay* (1989) 213 Cal.App.3d 360, 371-372 [261 Cal.Rptr. 723]; *Asia Investment Co.* v. *Borowski* (1982) 133 Cal.App.3d 832, 837 [184 Cal.Rptr. 317, 30 A.L.R.4th 561]), and is not affected by the objective tenability of the claim. In short, these two elements of the malicious prosecution tort serve different purposes, and the legal tenability of the underlying action is not the standard by which to judge whether the action was terminated in Warren's favor. The standard, as *Lackner* teaches, is simply whether the termination bears on the merits of the underlying action.

An allegation defendants prosecuted a prior action knowing that the applicable statute of limitations has run on the claim does not constitute a favorable termination because it does not reflect on the merits of the action. While filing a lawsuit knowing the limitations period has run is a petty act which wastes judicial resources, if a litigant wants to pursue a malicious prosecution action under those circumstances, he must eschew the procedural defense, forgo the easy termination, and obtain a favorable judgment on the merits. Otherwise, the policy reasons behind requiring a favorable termination would be thwarted if a litigant could meet the favorable termination requirement simply by alleging defendants knew the action was barred by the statute of limitations.

As a unanimous court stated in *Sheldon Appel Co.* v. *Albert & Oliker, supra,* 47 Cal.3d 863, 873, "While the filing of frivolous lawsuits is certainly improper and cannot in any way be condoned, . . . the better means of addressing the problem of unjustified litigation is through the adoption of measures facilitating the speedy resolution of the initial lawsuit and authorizing the imposition of sanctions for frivolous or delaying conduct within

that first action itself, rather than through an expansion of the opportunities for initiating one or more additional rounds of malicious prosecution litigation after the first action has been concluded."

The judgment is affirmed.

Crosby, Acting P. J., and Moore, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 15, 1990.