MERRITT, Circuit Judge.
 

 This is an appeal of the District Court’s affirmance of the Bankruptcy Court’s determination that a debt from a prior State Court judgment is nondischargeable because it was “for willful and malicious injury by the debt- or.” 11 U.S.C. § 523(a)(6). The debt at
 
 *931
 
 issue is a $58,420 Ohio Court of Common Pleas judgment for malicious prosecution and abuse of process in favor of the plaintiff, Scott Rossi, and against the defendant, Ian David Abbo. The Ohio judgment arose from a jury trial in which the jury necessarily found that the defendant wrongfully caused criminal charges to be brought against plaintiff Rossi. The issue on appeal is whether the judgment debt was for “willful and malicious injury” under § 523(a)(6) based on the facts presented at the trial and the State Court’s jury instructions. We affirm.
 

 The State Court entered judgment against the defendant for malicious prosecution and abuse of process in November 1991. The judgment included an award of $6,720 in actual damages and $10,000 in punitive damages for malicious prosecution and $1,700 in actual damages and $40,000 in punitive damages for abuse of process. The defendant then filed for bankruptcy protection under Chapter Seven of the Bankruptcy Code. The plaintiffs filed this adversary proceeding as judgment creditors to determine the dis-chargeability of the defendant’s judgment debt under 11 U.S.C. § 523(a)(6). The Bankruptcy Court later held that the debt was nondischargeable because the § 523(a)(6) exclusion issue was preclusively determined by the State Court’s judgment. The United States District Court for the Northern District of Ohio upheld the Bankruptcy Court’s judgment.
 

 In this case, the State Court’s judgment fully and necessarily determined that the defendant’s debt stemmed from a “willful and malicious injury” as provided by the Bankruptcy Code. The Supreme Court has interpreted “willful and malicious injury” under § 523(a)(6) as requiring a “deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury.”
 
 Kawaauhau v. Geiger,
 
 523 U.S. 57, -, 118 S.Ct. 974, 977, 140 L.Ed.2d 90 (1998). Here, the State Court instructed the jury to rule for the plaintiffs on the malicious prosecution claim only if it found that the defendant acted “maliciously.” The jury instructions defined “malice” as an “attitude or state of mind that makes a person knowingly do an act for an improper or wrongful purpose,” including the “wrongful act intentionally done and without probable cause.” The proof showed that the defendant paid witnesses in the criminal proceeding to give false evidence against plaintiff Rossi. The State Court’s judgment thus followed the jury’s finding that the defendant acted intentionally and maliciously. Other courts have held that similar malicious prosecution judgments are nondischargeable under § 523(a)(6) when the underlying conduct was willful, as in this case.
 
 See, e.g., In re Braen,
 
 900 F.2d 621, 627-28 (3d Cir.1990). We agree, and we reject the defendant’s argument that the instructions allowed liability for acts that, though intentional, were not intended to cause injury as required under
 
 Geiger.
 
 As the jury instructions indicated, “injury” is an essential element of the tort of malicious prosecution, and we cannot conceive of a malicious prosecution where the resulting injury was not intentional. The facts of this case establish that the defendant acted with the requisite intent to cause “injury.”
 

 The malicious prosecution judgment debt is thus nondischargeable under § 523(a)(6). This is true for both the punitive and compensatory damages judgment. Although a few courts have held that punitive damages are dischargeable in spite of the § 523(a)(6) exception,
 
 see, e.g., In re Alwan Bros. Co., Inc.,
 
 105 B.R. 886, 890 (Bankr.C.D.Ill.1989) (holding that punitive damages do not stem from an “injury” as required under § 523(a)(6)), we conclude that punitive damages are best understood as arising from the conduct redressed by the underlying judgment. Section 523(a)(6) “does not distinguish between debts which are compensatory in nature and those which are punitive. The language of section 523(a)(6) is directed at the nature of the conduct which gives rise to the debt, rather than the nature of the debt.”
 
 In re Miera,
 
 926 F.2d 741, 745 (8th Cir.1991). The
 
 Miera
 
 Court concluded that a punitive damages judgment was nondischargeable because it stemmed from the same “willful and malicious injury” as did the nondischargeable compensatory damages judgment. The same is true in this case.
 

 
 *932
 
 The abuse of process judgment debt is also nondischargeable. The State Court’s instructions for the abuse of process charge required the jury to prove that the defendant “used the legal process for an ulterior purpose” and that he “intentionally” and improperly filed charges against the plaintiff to “annoy and aggravate” him, causing direct injury to the plaintiff. The State Court’s judgment thus required the jury to find that the defendant willfully and maliciously injured the plaintiff by abusing the judicial process. The judgment precludes a determination of whether the abuse of process judgment for both actual and punitive damages is dischargeable under § 523(a)(6).
 

 Finally, we find unpersuasive the defendant’s argument that the Bankruptcy Court erred by entering summary judgment without providing a hearing or time for discovery because we agree with the District Court that this is a clear case. The proceedings underlying the State Court’s judgment made it clear that the debt in question arose from a “willful and malicious injury” within the meaning of § 523(a)(6).
 

 For the foregoing reasons, the District Court’s judgment is affirmed.