**In re David RITZINGER, Debtor.**

**Frank Lang, Plaintiff,**

**v.**

**David Ritzinger, Defendant.**

**Bankruptcy No. 01–12642.**
**Adversary No. 02–1043.**

United States Bankruptcy Court,
N.D. California.

Aug. 15, 2002.

David P. Ritzinger, Pro Se.

Michael C. Fallon, Law Offices of Michael C. Fallon, Santa Rosa, CA, for Trustee.

## *Memorandum of Decision*

ALAN JAROSLOVSKY, Bankruptcy Judge.

Plaintiff Frank Lang is an attorney and former member of a law firm established by debtor and defendant David Ritzinger. The firm handled primarily criminal and family law cases. Lang worked for Ritzinger for about a year, and had an unfriendly parting of the ways. In a homicide case, Lang had left the area during jury deliberations and was not present to handle a dispute over disqualification of a juror. In addition, Lang had informed Ritzinger that he had incorrectly represented when he was hired that he was a certified criminal law specialist when in fact his certification had expired. Toward the end of the relationship, disputes arose between them about clients and entitlement to fees. Ritzinger also believed Lang had taken some small items belonging to his firm.

After Lang left Ritzinger's employment, he felt that Ritzinger still owed him about $2,000.00 for expenses he incurred while representing Ritzinger clients. When pro-ceedings before the Labor Commission proved unsuccessful, Lang filed a small claims action against Ritzinger. Just before the matter was to be heard in small claims court, Ritzinger filed a lawsuit against Lang in Alameda Superior Court. The complaint had eight causes of action: breach of contract, breach of the implied covenant of good faith and fair dealing, negligence, fraud, intentional interference with existing contractual relationships, breach of fiduciary duty, conversion and intentional infliction of emotional distress.

Lang obtained summary judgment on all causes of action except conversion. Ritzinger voluntarily dismissed this claim before trial. Lang then filed a malicious prosecution complaint against Ritzinger in state court. Ritzinger filed his Chapter 7 petition on November 7, 2001, after his default had been entered but before a judgment had been rendered. Lang then commenced this adversary proceeding in order to establish a nondischargeable claim for malicious prosecution.

■ Because both intentional conduct and malice must be shown to prevail in a malicious prosecution lawsuit, a debt arising out of malicious prosecution is nondischargeable pursuant to § 523(a)(6) of the Bankruptcy Code. *In re Abbo,* 168 F.3d 930 (6th Cir.1999). If Lang had established a valid claim for malicious prosecution, the court would enter a nondischargeable judgment. However, the central argument of Lang's case proved to be unsubstantiated.

■ At the same time that Ritzinger brought his lawsuit against Lang, he was facing a hearing before the State Bar over allegations of unethical conduct. Lang had been subpoenaed to testify. Lang's central theory in this adversary proceeding was that Ritzinger sued him in order to intimidate him from testifying or retaliate against him for his anticipated testimony. This is a very serious charge which certainly would have mandated a judgment

for malicious prosecution if true. However, the allegation was nowhere near proved. It is far more likely that Ritzinger brought the lawsuit in reaction to the small claims action which Lang had brought. There was no evidence connecting the lawsuit to the disciplinary proceedings, nor did Lang ever explain how the lawsuit was supposed to result in less damaging testimony from him. Thus, the central foundation of this adversary proceeding is unsupported.

■ After prevailing on the merits in a civil proceeding, the plaintiff in a malicious prosecution action must establish that the civil proceeding was brought against him must prove both lack of probable cause and malice. 5 Witkin, Summary of California Law (9th Ed.), §§ 438–450. In this case, Lang proved neither.

■ Probable cause means a reasonable belief in the possibility of the suit being successful; litigants have the right to present issues that are arguably correct even if it is extremely unlikely they will win. *Sangster v. Paetkau* (1998) 68 Cal.App.4th 151, 164, 80 Cal.Rptr.2d 66. Applying this standard, it is clear that there was probable cause for each of the claims Ritzinger made against Lang. Moreover, there was no showing that Riztinger did not believe in the validity of the claims or that he brought them for any other purpose other than as a setoff to the small claims action which Lang had brought against him.

■ Lang makes much of the fact that the statute of limitations had expired as to the claim for infliction of emotional distress. However, Ritzinger's attorney had a tenable argument as to why the statute had not yet run. The mere fact that he did not prevail in this argument does not make the claim malicious. Moreover, dismissal based on the statute of limitations is not a dismissal on the merits for purposes of a subsequent malicious prosecution case.

*Warren v. Wasserman, et al.* (1990) 220 Cal.App.3d 1297, 1303, 271 Cal.Rptr. 579.

In summary, the court finds that there was probable cause for each of the claims in Ritzinger's lawsuit and the lawsuit was not commenced for an improper purpose. Accordingly, there is no basis for entry of a nondischargeable judgment against Ritzinger. Lang will accordingly take nothing by his complaint, which will be dismissed with prejudice. Ritzinger shall recover any costs of suit. A separate judgment will be entered as required by FRBP 9021. This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052.