Jerry COOPER, Plaintiff—Appellant,

and

Merri Cole, Plaintiff,

v.

SOUTHERN CALIFORNIA EDISON COMPANY; Bartlett Nuclear, Inc., a Massachusetts Corporation; El Camino Nuclear, Inc., a Texas Corporation; Tom Brown, an individual, Defendants—Appellees,

and

Dawan Ginn, an individual; Does 1–20, Defendants.

No. 03–57059.

United States Court of Appeals, Ninth Circuit.

Submitted March 9, 2006.*

Decided March 13, 2006.

As Amended on Denial of Rehearing and Rehearing En Banc May 10, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jerry Cooper, Oceanside, CA, pro se.

John D. Buchanan, Esq., John F. Guest, Esq., Southern California Edison Legal Division—Labor, Rosemead, CA, Reed E. Schaper, Esq., Leonora M. Schloss, Esq., Curiale Dellaverson Hirschfeld & Kraemer, LLP, Santa Monica, CA, Robert W. Jackson, Esq., Law Office of Robert W. Jackson, Fallbrook, CA, for Defendant—Appellees.

Before: D.W. NELSON, THOMAS, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Appellant Jerry Cooper appeals the district court's grant of summary judgment in favor of Defendants–Appellees Southern California Edison Company ("SCE"), Bartlett Nuclear, Inc. ("Bartlett"), El Camino Nuclear, Inc. ("El Camino"), and Tom

---

** This disposition is not appropriate for publication and may not be cited to or by the

Brown. We have jurisdiction pursuant to 28 U.S.C. § 1331, and we affirm.

Cooper worked at San Onofre Nuclear Generating Station ("SONGS") as an employee of El Camino. He alleges that he reported safety concerns and the sexual harassment of his girlfriend, and for doing so was retaliated against in violation of Title VII, the California Fair Employment and Housing Act ("FEHA"), and public policy. Cooper also alleges assault and battery and negligent and intentional infliction of emotional distress.

SONGS is located within a federal enclave, acquired by the United States in 1941 when it established Camp Pendelton. *United States v. Fallbrook Pub. Util. Dist.,* 110 F.Supp. 767, 771 (S.D.Cal.1953). Only federal law applies on a federal enclave, but preexisting state law not inconsistent with federal policy becomes federal law and is applicable as well. *Paul v. United States,* 371 U.S. 245, 263–64, 83 S.Ct. 426, 9 L.Ed.2d 292 (1963).

■ Several of the state law claims were recognized only after the acquisition of Camp Pendelton. The state law tort of intentional infliction of emotional distress was first recognized in California in 1950. *Bowden v. Spiegel, Inc.,* 96 Cal.App.2d 793, 216 P.2d 571 (1950); *Richardson v. Pridmore,* 97 Cal.App.2d 124, 217 P.2d 113 (1950). The state law tort of negligent infliction of emotional distress was first recognized in California as a separate claim in 1980. *Molien v. Kaiser Found. Hosps.,* 27 Cal.3d 916, 167 Cal.Rptr. 831, 616 P.2d 813 (1980). The common law claim of wrongful retaliation in violation of public policy was first recognized in California in 1959. *Petermann v. Int'l Bhd. of Teamsters,* 174 Cal.App.2d 184, 344 P.2d 25 (1959). FEHA was adopted in 1974.

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

CAL.GOV.CODE § 12900. Accordingly, Cooper's state law claims of intentional and negligent infliction of emotional distress and retaliation in violation of FEHA do not pre-date the acquisition of Camp Pendleton by the United States and are therefore barred by the federal enclave doctrine. *See Snow,* 647 F.Supp. at 1521.

■ The state law claim of assault and battery predates the acquisition of Camp Pendleton, and therefore Cooper's cause of action pursuant to those claims can go forward. *See Valdez v. Percy,* 35 Cal. App.2d 485, 96 P.2d 142 (1939). Cooper's claim for assault and battery fails because there was no threat, attempt, or use of force to commit a violent injury, and no intent to cause harm. Since the exposure was harmless, it could not have constituted harmful and offensive contact, and did not amount to a personal injury as a matter of law. *See O'Conner v. Commonwealth Edison Co.,* 748 F.Supp. 672, 678 (C.D.Ill. 1990); *Johnston v. United States,* 597 F.Supp. 374, 426 (D.Kan.1984).

■ Cooper's sole federal cause of action is his claim for retaliation in violation of Title VII. Cooper, though, fails to establish an adverse employment action, as required by Title VII. He was moved from Units 2 and 3 to Unit 1, and from Unit 1 to the turbine deck. In order to qualify as adverse employment actions protected by Title VII, these transfers must have been "reasonably likely to deter employees from engaging in protected activity." *Ray v. Henderson,* 217 F.3d 1234, 1243 (9th Cir. 2000). We described this standard in *Vasquez v. County of Los Angeles,* 349 F.3d 634 (9th Cir.2003), as being more subjective than the hypothetical "reasonable employee" approach, and yet still having an objective component evidenced by the "reasonably likely" requirement. *Id.* at

646. Cooper's lateral transfer does not meet this standard, either objectively, as it neither reduced his salary nor changed his job title, or subjectively, as Cooper had himself requested the transfer to Unit 1 earlier. As for the transfer to the turbine deck specifically, we agree with the district court that Cooper has presented insufficient evidence that this resulted in a decrease in workload or promotion opportunities, and therefore fails to meet the objective component of the standard. Cooper's rescinded suspension is also not an adverse employment action. *See Andersen v. Pac. Bell,* 204 Cal.App.3d 277, 251 Cal.Rptr. 66 (1988). Finally, any potential ridicule and ostracism Cooper suffered was not an adverse employment action. *Brooks v. City of San Mateo,* 229 F.3d 917, 929 (9th Cir.2000).

**AFFIRMED.**